IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MICHAEL MULLER, individually and on behalf of all others similarly situated,**<br><br>                        **Plaintiffs,**<br><br>v.<br><br>**GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, DOES 1 through 10,**<br><br>                        **Defendants.** | Case No. 4:22-cv-670<br><br>Missouri State Court Case No.: 22SL-CC02393<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC ("GSK Consumer Healthcare"), by and through its counsel, removes the above-entitled action (the "Action") to this Court from the Circuit Court of Missouri, St. Louis County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. This removal is based on the following grounds:

**I.    PROCEDURAL BACKGROUND**

1.    Plaintiff Michael Muller ("Plaintiff") initiated this matter in the Circuit Court of Missouri, St. Louis County, on May 1, 2022. A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2.    GSK Consumer Healthcare was served with Plaintiff's Complaint on May 27, 2022. A copy of the Summons served is attached hereto as **Exhibit B**.

3.    Pursuant to Local Rule 2.03, a complete copy of the current state court docket sheet is attached hereto as **Exhibit C**. A copy of the completed Original Filing Form and Civil Cover Sheet are attached hereto as **Exhibit D** and **Exhibit E**, respectively.

4. Plaintiff's Complaint asserts claims of breach of warranty, breach of implied contract, unjust enrichment, and violation of the Missouri Merchandising Practices Act ("MMPA") on behalf of himself and a class of similarly-situated Missouri citizens. *See* Ex. A, Compl., ¶¶ 79-114. Plaintiff seeks compensatory damages, restitution, attorneys' fees, costs, and other relief, including injunctive relief. *See id.* at 21-22, ¶ 94.

5. Because this Notice of Removal is filed within thirty (30) days of the date Plaintiff served his Complaint upon GSK Consumer Healthcare, it is timely under 28 U.S.C. § 1446(b).

## II. REMOVAL STANDARD

6. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this Action is removable to the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this putative class action under 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453, and because this Court encompasses the district and division where this Action currently is pending.

## III. THE COURT POSSESSES SUBJECT MATTER JURISDICTION UNDER CAFA

7. Plaintiff seeks to bring this Action as a putative class action alleging claims under the MMPA and for breach of warranty, breach of implied contract, and unjust enrichment. *See* Ex. A, Compl.

8. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) minimal diversity of citizenship exists between the putative class and GSK Consumer Healthcare; and (iii)

the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

9. GSK Consumer Healthcare denies Plaintiff's factual allegations and denies that Plaintiff, or the putative class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayers for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Has More Than 100 Members

10. Plaintiff asserts claims on behalf of a putative class comprised of "similarly-situated Missouri citizens preliminarily-defined as follows: All Missouri citizens who purchased the Products during the Class Period in Missouri." *See* Ex. A, Compl., ¶ 15. "Products" is defined as the certain Robitussin products containing dextromethorphan ("DXM") and labeled "Non Drowsy." *Id.* ¶ 2. The Class Period is alleged to begin five years prior to the date of the filing of the Complaint up to the date of filing (i.e., May 1, 2017 – May 1, 2022). *Id.* ¶ 15.

11. Plaintiff estimates that the putative class consists of "thousands of individuals on a statewide basis." *Id.* ¶ 16. The first prong of the CAFA analysis thus is satisfied.

### B. Diversity of Citizenship Exists

12. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *Atwood v. Peterson*, 936 F.3d 835, 839 (8th Cir. 2019) (noting that CAFA requires only minimal diversity between the parties).

---

[1] GSK Consumer Healthcare does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. GSK Consumer Healthcare does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law.

3

13. An individual is a citizen of the state in which he or she is domiciled. *See Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 998 (8th Cir. 1964) ("citizenship and domicile are synonymous for purposes of 28 U.S.C.A. § 1332"). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile. *Randall v. Evamor, Inc.*, 2010 WL 1727977, at *2 (E.D. Mo. Apr. 29, 2010), *abrogated on other grounds by Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263 (8th Cir. 2015).

14. Plaintiff alleges that he is a resident of Missouri. *See* Ex. A, Compl., ¶ 8. This accordingly is prima facie evidence that Missouri is Plaintiff's domicile and that he is a citizen of Missouri for diversity purposes.

15. Moreover, the putative class consists of "similarly-situated Missouri citizens" who purchased the certain Robitussin products at issue within five years preceding the filing of the Complaint. *Id.* ¶ 15.

16. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities….[I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

17. Plaintiff correctly alleges that GSK Consumer Healthcare is incorporated in Delaware with its principal place of business in Warren, New Jersey. *See* Ex. A, Compl., ¶ 10.

18. Thus, GSK Consumer Healthcare is a citizen of a state other than Missouri for diversity purposes. 28 U.S.C. § 1332(c)(1).

19. Accordingly, Plaintiff and members of the putative class are citizens of a state different than GSK Consumer Healthcare. Minimal diversity is satisfied, and diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only minimal diversity under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

C. **The Amount In Controversy Exceeds $5,000,000**

20. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine whether the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (to determine whether the amount in controversy requirement is satisfied, a district court aggregates the claims of all named or unnamed persons who "fall within the definition of the proposed or certified class") (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).

21. The relevant jurisdictional fact when determining the amount in controversy "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019).

22. The Eighth Circuit has held "[w]hen the notice of removal plausibly alleges that the class might recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" *Pirozzi*, 938 F.3d at 984 (citation omitted); *see also Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013)

5

("Compensatory damages, punitive damages, and statutory attorney's fees all count towards the amount in controversy."). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' *the court should err in favor of exercising jurisdiction over the case*." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (emphasis added).

23. Although GSK Consumer Healthcare denies Plaintiff's factual allegations and denies that Plaintiff or the putative class he seeks to represent is entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members under 28 U.S.C. § 1332(d)(6).[2]

24. As stated above, Plaintiff seeks to represent a class comprised of "similarly-situated Missouri citizens" who purchased the certain Robitussin DXM products labeled "Non Drowsy" within five years preceding the filing of the Complaint. *See* Ex. A, Compl., ¶ 15.

25. Plaintiff estimates membership in the purported class to be "thousands of individuals on a statewide basis." *Id.* ¶ 16.

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. GSK Consumer Healthcare's references to specific damage amounts and citation to cases supporting removal are provided solely for establishing that the amount in controversy more likely than not exceeds the jurisdictional minimum. GSK Consumer Healthcare maintains that each of Plaintiff's claims is without merit and that it is not liable to Plaintiff or any putative class member. GSK Consumer Healthcare expressly denies that Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, GSK Consumer Healthcare denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

6

26. Plaintiff seeks to recover compensatory damages, restitution, attorneys' fees, costs, and other relief, including injunctive relief. *See id.* at 21-22, ¶ 94. The MMPA expressly authorizes an award of attorneys' fees. Mo. Rev. Stat. § 407.025.2(2).

27. Plaintiff alleges that he and the putative class "would not have purchased the Products had they known that the Products caused drowsiness." Ex. A, Compl., ¶ 46; *see also id.* ¶¶ 58, 72.

28. Plaintiff also alleges that "[i]f, at some point in the future, the Product was improved to actually be 'Non drowsy' Plaintiffs might then purchase the Products again." *Id.* ¶ 59.

29. These allegations that Plaintiff would not have purchased the products at issue had he known about the alleged potential for drowsiness and will not purchase the product again unless it is reformulated to be "non drowsy" suggest that Plaintiff could seek, and a jury could award, a significant portion of the purchase price of each Non Drowsy Product sold in Missouri on his behalf and on behalf of each putative class member.

30. GSK Consumer Healthcare's records show that during the putative class period, it sold more than $10 million of the Robitussin "Non Drowsy" products in the state of Missouri in the five-year period preceding the filing of the Complaint in this action. *See* Declaration of Jennifer Yomoah, attached hereto as **Exhibit F** at ¶ 5.[3] GSK Consumer Healthcare denies that Plaintiff or any member of the putative class is entitled to a refund, but notes that the amount in controversy thus is satisfied based on Plaintiff's demand for compensatory relief alone.

---

[3] Sales of the Non Drowsy Products in the state of Missouri were calculated as a proportionate share of total sales of the Non Drowsy Products in the United States based on 2021 Census population data. According to the 2021 Census, 6,168,187 individuals live in Missouri as compared to 331,893,745 individuals who live in the U.S. as a whole, i.e., 1.86% of the total U.S. population. *See* https://www.census.gov/quickfacts/fact/table/MO,US/PST045221 (last visited June 24, 2022).

31. Plaintiff also seeks an award of attorneys' fees. Ex. A, Compl. at 21-22, ¶ 94. GSK Consumer Healthcare denies Plaintiff is entitled to attorneys' fees, but notes that attorneys' fees would further add to the jurisdictional amount. *See Schott v. Overstock.com, Inc.*, 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021) (stating that attorneys' fees are included in amount-in-controversy calculations); *Harrington Enters., Inc.*, 42 F. Supp. 3d at 1201 (applying a "standard 33% attorney's fee to the Class's compensatory damages" for purposes of the amount in controversy on an MMPA claim).

32. Plaintiff and his counsel attempt to avoid removal through a stipulation purporting to disclaim—not only on behalf of Plaintiff and his counsel but also any future named representatives and all putative class members—any recovery of damages and/or attorneys' fees in this action meeting or exceeding $5 million. *See* Compl., Ex. A ("Plaintiff and Counsel's Stipulation Regarding Recoverable Damages"). But the United States Supreme Court has squarely rejected such stipulations, holding that they "cannot legally bind members of the proposed class before the class is certified" and therefore do "not reduce[] the value of the putative class members' claims" for purposes of determining the amount in controversy upon removal. *Standard Fire Ins. Co.*, 568 U.S. at 593. The purported stipulation, therefore, does not prevent removal of the case under CAFA. *See id.*; *see also Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018) (holding that the Supreme Court's reasoning in *Standard Fire* applies to stipulation purporting to limit the amount of attorneys' fees and stipulation thus did not defeat CAFA jurisdiction).

## IV. <u>VENUE IS PROPER IN THIS COURT</u>

33. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Missouri, St. Louis County, where Plaintiff brought and titled this action, lies within this federal district and division.

## V. **NOTICE**

34. GSK Consumer Healthcare will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendant GSK Consumer Healthcare respectfully requests that this Action be removed from the Circuit Court of Missouri, St. Louis County, and that this Court take jurisdiction over further proceedings.

Dated: June 24, 2022

Respectfully submitted,

*/s/ Beth Herrington*
Beth Herrington, MO Bar Id No.: 48975, 6244547IL
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
T: +1.312.324.1000
F: +1.312.324.1001
*beth.herrington@morganlewis.com*

J. Gordon Cooney, Jr., *pro hac vice forthcoming*
Franco A. Corrado, *pro hac vice forthcoming*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
T: +1.215.963.5000
F: +1.215.963.5001
*gordon.cooney@morganlewis.com*
*franco.corrado@morganlewis.com*

Attorneys for Defendant
GlaxoSmithKline Consumer Healthcare Holdings (US) LLC